UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL ANNE BEN, et al., | No. 2:14-cv-02914-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

   Attorneys Michael Baum and R. Brent Wisner ("plaintiff's counsel"), of the law firm Baum Hedlund Aristei & Goldman, P.C., move to withdraw as counsel of record for plaintiff Rachel Anne Ben. ECF No. 64. The motion is unopposed. ECF No. 66. On November 29, 2018, the court submitted the motion without oral argument pursuant to Local Rule 230(g). ECF No. 75. For the following reasons, the court GRANTS the motion to withdraw.

I.  LEGAL STANDARD

   If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires the withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. *Id.* Withdrawal must also comply with the

Rules of Professional Conduct of the State Bar of California. *Id.* Rule of Professional Conduct 3–700(A)(2) requires an attorney to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." The Rules permit withdrawal if, as relevant here, the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." *Id.* 3–700(C)(1)(d).

Whether to grant a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II. DISCUSSION

Here, plaintiff's counsel have established good cause for withdrawal, and have complied with the applicable local rules and rules of professional conduct. They seek to withdraw because "[i]rreconcilable differences have arisen between client and counsel which make it unreasonably difficult for counsel to carry out their employment effectively." ECF No. 64 ¶ 1. Further, "the relationship of trust and confidence essential to the attorney-client relationship cease[s] to exist." Wisner Aff., ECF No. 64-1, ¶ 1. This is a valid basis for withdrawal under California Rule of Professional Conduct 3–700(C)(1)(d).

The court is also satisfied that plaintiff's counsel's withdrawal complies with California Rule of Professional Conduct 3–700(A)(2), which requires that the withdrawing attorney "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Plaintiff has had sufficient time to hire new counsel and withdrawal will not delay the case or affect any upcoming deadlines. At least 30 days prior to filing this motion, efforts were made to contact plaintiff and inform her of counsel's desire to withdraw. Wisner Aff. ¶ 2. These efforts confirmed plaintiff's address, as did prior correspondence which was mailed and verified

via return receipt. *Id.* ¶¶ 3, 4; *see also Stache v. Int'l Union of Bricklayers & Allied Craftsmen, AFL-CIO*, 852 F.2d 1231, 1234 n.2 (9th Cir. 1988) ("Under federal law . . ., the correct addressing, posting, and mailing of a letter creates a presumption that the letter was received by the intended party."). On November 2, 2018, plaintiff's counsel mailed, by certified mail, a copy of this motion and all supporting documents to plaintiff. Wisner Aff. ¶ 5. With no indication that plaintiff has attempted to reciprocate communication with counsel, and with no opposition by defendant, the court finds no reason to doubt the representations of plaintiff's counsel.

Additionally, withdrawal will not prejudice remaining parties. This action, ongoing since 2014, is one of numerous actions involving the antidepressant Cymbalta in which a comprehensive settlement framework has been established for each claimant to receive an individual settlement evaluation by a Special Master. *See* Joint Status Rep., ECF No. 56, at 1. Plaintiff here has undergone a settlement evaluation, yet final resolution of her individual claim remains unresolved due to a breakdown in the attorney-client relationship. *Id.*; ECF No. 64. Ms. Ben is the only remaining plaintiff in this action, all other plaintiffs have either transferred to the Southern District of Indiana, *see* Transfer Order, ECF No. 28, or have mutually agreed to dismiss their claims, *see* Stipulation to Dismiss, ECF No. 69. No pending deadlines or hearings remain. For these reasons, the court has no reason to believe withdrawal will cause prejudice to any remaining party.

Finally, plaintiff's counsel have satisfied Local Rule 182(d) by notifying plaintiff of this impending motion to withdraw and provided her current address in Mr. Wisner's affidavit. Wisner Aff. ¶ 3.

III. <u>CONCLUSION</u>

The court GRANTS the motion to withdraw, ECF No. 64. Counsel Michael Baum and R. Brent Wisner are ORDERED to serve plaintiff Rachel Anne Ben with a copy of this order and file proof of service with the court within seven (7) days. Plaintiff's counsel must comply with all obligations under California Rules of Professional Conduct Rule 3–700(D) regarding release of a client's papers and property and return of unearned fees, and must also file proof of compliance with the court within seven (7) days.

1 | Plaintiff Rachel Anne Ben is now proceeding *pro se*. The Clerk of the Court shall
2 | reflect this on the court's docket and update her address as provided in the affidavit of R. Brent
3 | Wisner referenced above. The case is referred to the assigned magistrate judge for future
4 | proceedings under Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED: December 13, 2018.

_____
UNITED STATES DISTRICT JUDGE